Case 4:23-cv-01839   Document 15   Filed on 01/18/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 18, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY AND WALTER BURKE, | § § § | |
| *Plaintiffs*, | § | |
| VS. | § § | CIVIL ACTION NO. 4:23-CV-1839 |
| LIBERTY MUTUAL INSURANCE COMPANY, | § § § § | |
| *Defendant*. | § § § | |

## ORDER

Pending before the Court is Defendant Liberty Insurance Corporation's ("Defendant" or "Liberty") Motion to Preclude Attorney's Fees to Plaintiffs. (Doc. No. 9). Plaintiffs Ashley and Walter Burke ("Plaintiffs") filed a Response. (Doc. No. 11) and Liberty replied. (Doc. No. 12). The Court hereby **DENIES** Liberty's Motion to Preclude Attorney's Fees to Plaintiffs. (Doc. No. 9).

## BACKGROUND

Plaintiffs filed this action against Liberty for breach of contract, common law bad faith, violations of sections 541 of the Texas Insurance Code, and violations of the Texas DTPA. (Doc. No. 1). Plaintiffs apparently suffered extensive water damage to their home in May 2021 after their home water heater failed. (Doc. No. 11 at 1). Plaintiffs allege that they filed a claim with Liberty, their homeowner's insurance provider, seeking the cost of the resulting property damage and requesting coverage for damaged personal property and expenses incurred under the Policy's Additional Living Expense coverage. (*Id.* at 1). Plaintiffs sent a "letter of representation" to Liberty on November 3, 2021, which Plaintiffs assert "gave notice to the Defendant that there was a dispute

regarding this claim, and that Plaintiffs had retained counsel." (*Id.* at 2). Plaintiffs further allege that they sent a presuit letter to Liberty on January 24, 2022, outlining Plaintiffs' alleged damages and expenses pursuant to Section 542A.003 of the Texas Insurance Code. (*Id.* at 2). The parties subsequently completed an appraisal that resulted in an appraisal award on November 16, 2022. (*Id.* at 3). Plaintiffs filed this suit in May 2023, alleging that the property damage claim was resolved through the Policy's appraisal process, but that "a dispute remains as to the personal property damages as well as those expenses incurred under the Additional Living Expenses coverage afforded by the Policy." (*Id.* at 3).

Liberty alleges that "Plaintiffs failed to provide proper notice of their claim for personal property and additional living expenses as required by Section [542A] of the Texas Insurance Code." As such, Liberty contends that they are precluded from recovering attorneys' fees. (Doc. No. 9 at 2). Liberty claims that Plaintiffs only requested the cost of repairs to the property, statutory interest, extracontractual damages, and reasonable and necessary attorneys' fees in their presuit letter but did not request personal property or additional living expenses. (Doc. No. 9 at 3). Accordingly, Liberty filed this Motion to Preclude Attorney's Fees pursuant to Section 542A.003 of the Texas Insurance Code.

## LEGAL STANDARD

Section 542A.003(a) of the Texas Insurance Code requires that, "not later than the 61st day before a date claimant files an action [under this chapter] in which the claimant seeks damages from any person, the claimant must give written notice to the person…as a prerequisite to filing the action." TEX. INS. CODE. § 542A.003(a). The Code further requires the following:

(b) the notice required under this section must provide:

(1) a statement of the acts or omissions giving rise to the claim;

2

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

(c) If an attorney or other representative gives the notice required under this section on behalf of a claimant, the attorney or representative shall:

(1) provide a copy of the notice to the claimant; and

(2) include in the notice a statement that a copy of the notice was provided to the claimant.

TEX. INS. CODE. § 542A.003(a–c).

To prevail on a Motion to Preclude Attorney's Fees under Texas Insurance Code Section 542A.007(d), a defendant must plead and prove that:

>…the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

TEX. INS. CODE. § 542A.007(d).

If the defendant meets its burden of proof, the "court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." *Id.*

The purpose of requiring a sixty-one-day presuit notice is to "'discourage litigation and encourage settlements of consumer complaints.'" *J.P. Columbus Warehousing, Inc. v. United Fire and Cas. Co.*, Civ. A. No. 5:18-cv-00100, 2019 WL 453378, at *6 (S.D. Tex. Jan. 15, 2019) (quoting *Hines v. Hash*, 843 S.W.2d 463, 469 (Tex. 1985)). Section 542A.007(d) of the Texas Insurance Code places the burden on the defendant to plead and prove (by filing a motion within thirty days of filing its original answer) that the plaintiff failed to provide adequate presuit notice. *See* TEX. INS. CODE. § 542A.007(d). A pleading under this subsection must be filed not later

than the 30th day after the date the defendant files an original answer in the court in which the action is pending. Liberty filed its original Answer on June 20, 2023, and filed its Motion to Preclude Attorney's Fees on July 20, 2023. (Doc. No. 7; Doc. No. 9). Liberty therefore timely filed its Motion to Preclude Attorney's Fees under Section 542A.007(d).

As a preliminary matter, this Court has previously held that although presuit notice is required under all the provisions of Section 542A.003 in order to bring a lawsuit, the statutory language does not repeat the same requirements in order to limit attorney's fees. *Mount Canaan Missionary Baptist Church v. Westchester Surplus Lines Ins. Co.*, No. 4:19-CV-00660, 2019 WL 13114309 at *4 (S.D. Tex. Aug. 13, 2019). Only compliance with Section 542A.003(b)(2)'s presuit notice of the specific amount alleged by the claimant is required under Section 542A.007(d) for the claimant to remain eligible for attorney's fees. *Id.* Therefore, the Court must determine whether Plaintiffs' presuit notice stated "the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2)" to defeat Liberty's Motion. TEX. INS. CODE. § 542A.007(d).

## ANALYSIS

In support of its motion, Liberty points to Plaintiffs' January 24, 2022 letter to Liberty giving notice of their intent to sue. Both parties agree that this constitutes the presuit letter pursuant to Section 542A.003 of the Texas Insurance Code. (Doc. No. 9 at 5; Doc. No. 11 at 2). Liberty contends that the letter only requested the cost of repairs, statutory interest, extracontractual damages, and reasonable and necessary attorneys' fees and did not request personal property or additional living expenses. (Doc. No. 9 at 5).

Liberty paid an appraisal award of $30,778.78 for personal property damages after Plaintiffs sent their presuit letter (and before the instant lawsuit was filed in May 2023). (Doc. No. 11 at 2-3). Ultimately, Plaintiffs claim that Liberty's payment of $30,778.78, coupled with an email

4

from a Liberty claims adjuster, copies of the checks sent by Liberty, and a 2021 "contents inventory" list provided by Liberty and detailing the company's assessment of the value of the damaged personal property, constitutes adequate presuit notice. (Doc. No. 11 at 3).

First, the Court finds that Plaintiff's January 24, 2022 presuit letter is the only evidence that constitutes "written notice" for the purposes of Section 542A.003. Section 542A.003(b)(2) and Section 542A.007(d) require the <u>claimant</u> to provide adequate presuit notice—as a result, the communications originating from Liberty, including the prior appraisal payment and the email from a Liberty claims adjuster—do not qualify. Therefore, the Court will limit its analysis to the contents of the January 24, 2022 presuit letter to determine whether Plaintiffs satisfied the statutory requirements.

Plaintiffs' presuit notice to Liberty must have included "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property" in order to defeat Liberty's Motion to Preclude Attorney's Fees. *See* TEX. INS. CODE. §§ 542A.003(b)(2), 542A.007(d). In the January 24, 2022 letter, Plaintiffs' attorney stated:

> Based on the information now available to us, and for the purposes of this notice, we estimate the damages and expenses are as follows:
>
> 1) $112,497.51 for the estimated replacement cost of repairs to the loss including incurred water mitigation work, less any deductibles, prior payments, or policy provisions limiting payment of replacement cost;
> 2) $13,499.70 in Interest that applies to this loss as per Texas Insurance Code;
> 3) We will also be seeking extra-contractual damages including mental anguish caused by your company's actions.
> 4) $1,700.00 as reasonable and necessary attorney's fees for time expended to date in assisting our client in this matter.
>
> We reserve the right to adjust these amounts to conform to the information and evidence that may be available to us at the time of trial if litigation becomes necessary.

(Doc. No. 9-1 at 4-5).

Plaintiffs were required to "state the specific amount alleged to be owed," and Plaintiffs did that in the January 24, 2022 letter. "That the specific amount alleged was not necessarily the final amount owed may affect the merits arguments at a later juncture in the lawsuit, but did not deprive [Liberty] of the statutory notice owed to it under Section 542A.007(d)." *Mount Canaan*, 2019 WL 13114309 at *5.

Indeed, the Court notes that the January 2022 letter "fulfills the purpose of requiring a sixty-one-day presuit notice." *Id.* Just as this Court found in *Mount Canaan*, the purpose of the statute is to "discourage litigation and encourage settlements of consumer complaints." *Id.* (citing *J.P. Columbus Warehousing Inc.*, 2019 WL 453378, at *6). That was the intent of Plaintiffs' January 24, 2022 letter. The letter stated that "at this time, we trust that this matter can be resolved in a prompt, fair, and equitable manner…we intend to refrain from serving you with a lawsuit for the statutory notice period unless we are able to resolve this matter during this period of time." (Doc. No. 9-1 at 5). These statements both "inform [Liberty] of a possible lawsuit and encourage communication to settle the claim outside of litigation." *Mount Canaan*, 2019 WL 13114309 at *5.

The Court finds that Plaintiffs' January 24, 2022 letter substantially complies with the requirements of Section 542A.007(d) and fulfills the purpose of requiring the presuit notice. Accordingly, the Court hereby **DENIES** Liberty's Motion to Preclude Attorney's Fees without prejudice. (Doc. No. 9).

Signed at Houston, Texas, on this the 18th day of January, 2024.

Andrew S. Hanen
United States District Judge

6